THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DAVID K. WILLIAMS,**<br><br>　　　　**Plaintiff.**<br><br>v.<br><br>**GENE ROBISON, d.b.a. ROBISON HOMEBUILDERS; DANNY RAY BOWLES; NATURE'S WAY; PAUL EVANS, attorney at law; MICHAEL R. BROWN, attorney at law; BRIAN J. BABCOCK, attorney at law; ELI CAUDILL, CFO Nature's Way,**<br><br>　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00025-JCB<br><br>Magistrate Judge Jared C. Bennett |

　　　　Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendants Gene Robison d.b.a. Robison Homebuilders, Inc., Danny R. Bowles, Nature's Way, Inc., Paul Evans, Michael R. Brown, Brian J. Babcock, and Eli Caudill (collectively, "Defendants") motion to dismiss, or, in the alternative, for a more definite statement of a pleading.[2] Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the analysis

---

[1] ECF No. 17.

[2] ECF No. 14.

set forth below, the court grants Defendants' motion to dismiss and grants pro se Plaintiff David K. Williams ("Mr. Williams") 30 days to move to amend his complaint.

## BACKGROUND

Mr. Williams's complaint contains the following allegations in support of his claims:[3]

> Plaintiff claims the filing of a false Quitclaim Deed to illegally acquire Title to the residence has caused irreparable damage in four facets of Plaintiff's life:
>
> 1) Physical damage occurred when Plaintiff had a severe reaction to the receipt of the Notice of Assignment of Trust Deed.
> 2) Emotional damage occurred as a result of the subsequent illegal actions by Defendant(s) affecting marital relations between Plaintiff and his spouse.
> 3) Financial damage has occurred due to the incomplete construction of the residence which is used by both the Plaintiff and his spouse for business purposes.
> 4) The filing of false Foreclosure, Lien, Title and Deed transfers on an ongoing basis has resulted in significant restrictions to Plaintiff's credit and financial standing diminishing Plaintiff's ability to generate income.
>
> A. Where did the events giving rise to your claim(s) occur?
>
> **Salt Lake County, Utah, and Bonneville County, Idaho.**
>
> B. What date and approximate time did the events giving rise to your claim(s) occur? **November 1, 2022**
>
> C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
>
> Plaintiff received a Notice of Assignment of Trust Deed on November 1, 2022, after paying the original lien in the amount of $415,039.19 to Defendant(s).

Based upon these allegations, Mr. Williams asserts causes of action under 18 U.S.C. § 1001 (False Statements to Government Officials) and 18 U.S.C. § 1021 (Falsification of Title Records).[4] Additionally, Mr. Williams alleges that he is a citizen of Utah[5] and that Defendant

---

[3] ECF No. 1 at 5–6.

[4] *Id.* at 4.

[5] *Id.*

Nature's Way, Inc., is an Idaho corporation, incorporated under the laws of Idaho.[6] Mr. Williams alleges that Defendant Paul Evans is a citizen of Idaho.[7] Mr. Williams alleges that Eli Caudill is a citizen of Idaho.[8] Mr. Williams alleges that Defendants Gene Robison d.b.a. Robison Homebuilders, Inc., Danny R. Bowles, Michael R. Brown, and Brian J. Babcock are all citizens of Utah.[9]

## LEGAL STANDARDS

### I. Rule 12(b)(1) Standard

Federal courts are courts of limited subject matter jurisdiction.[10] Fed. R. Civ. P. 12(b)(1) permits a party to move to dismiss a complaint for "lack of jurisdiction over the subject matter."[11] The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[12] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[13] When it appears that a federal court lacks jurisdiction of the subject matter, the court must dismiss the action.[14]

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (2015).

[11] Fed R. Civ. P. 12(b)(1).

[12] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (quotations and citations omitted).

[13] *U. S. ex rel. Precision Co. v. Kock Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[14] *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

  A. <u>Federal Question Jurisdiction</u>

Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court of Appeals for Tenth Circuit states that "[a] case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."[15]

  B. <u>Diversity Jurisdiction</u>

Under 28 U.S.C. § 1332(a), federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."[16] "[An individual] is a citizen of the state in which he or she is domiciled. Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely."[17] Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[18]

---

[15] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotations and citation omitted).

[16] *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[17] *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

[18] *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations and citations omitted).

## II. Rule 12(b)(2) Standard

The plaintiff bears the burden of proving that the court can properly exercise personal jurisdiction over the defendants.[19] "A federal court may not exercise personal jurisdiction over an out-of-state defendant unless (1) an applicable statute authorizes service of process on that defendant and (2) the exercise of statutory jurisdiction comports with constitutional due process."[20] "For a court to exercise jurisdiction in harmony with due process, defendants must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice."[21] "That is, the contacts with the forum state should be such that the defendant should reasonably anticipate being haled into court there."[22] "Personal jurisdiction can be acquired through either general jurisdiction or specific jurisdiction."[23]

### C. General Jurisdiction

"A person is subject to general jurisdiction within a State if its contacts with the state are so continuous and systematic that the person is essentially at home in the State."[24] "The facts relied upon by the plaintiff to prove such contacts exist must be extensive and persuasive. Furthermore,

---

[19] *See, e.g.*, *Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1027 (10th Cir. 2021).

[20] *XMission, L.C. v. Fluent, LLC*, 955 F.3d 833, 839 (10th Cir. 2020).

[21] *Id.* (quotations and citations omitted).

[22] *Id.* at 839–840 (quotations and citations omitted).

[23] *Id.* at 840 (quotations and citations omitted).

[24] *Id.* (quotations and citations omitted).

simply because a defendant has . . . business dealings with a person or entity in the forum state does not subject him to general jurisdiction there."[25]

    D.  Specific Jurisdiction

"Specific jurisdiction, by contrast, allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State."[26] "Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for benefitting from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts."[27] "Specific jurisdiction is proper if (1) the out-of-state defendant purposefully directed its activities at residents of the forum State and (2) the plaintiff's alleged injuries arise out of or relate to those activities."[28] "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum."[29]

## III. Rule 12(b)(6) Standard

Fed. R. Civ. P. 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."[30] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to

---

[25] *Zoobuh, Inc. v. Williams*, 2014 WL 7261786, at *2 (D. Utah Dec. 18, 2014) (citations omitted).

[26] *Id.*

[27] *XMission*, 955 F.3d at 840. (quotations and citations omitted).

[28] *Id.* (quotations and citations omitted).

[29] *Id.* (quotations and citations omitted).

[30] Fed. R. Civ. P. 12(b)(6).

state a claim to relief that is plausible on its face."[31] The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.[32] However, the court need not accept a plaintiff's conclusory allegations as true.[33]

Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[34] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[35] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[36] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[37] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[38]

---

[31] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[32] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[33] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[34] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[36] *Id.*

[37] *Twombly*, 550 U.S. at 555.

[38] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

ANALYSIS

Based upon the analysis set forth below, the court concludes that: (I) it lacks subject matter jurisdiction over this action; (II) it lacks personal jurisdiction over Defendants Nature's Way, Inc., Paul Evans, and Eli Caudill; and (III) concludes that Mr. Williams has failed to state a claim upon which relief may be granted. Thus, the court grants Defendants' motion to dismiss.

**I. The Court Lacks Subject Matter Jurisdiction Over Mr. Williams's Claims Because There is No Federal Question at Issue and There is No Diversity Between the Parties.**

This court lacks subject matter jurisdiction for two reasons. First, Mr. Williams has not established this court's federal question jurisdiction. Second, Mr. Williams has not met his burden to establish diversity jurisdiction. Each reason for dismissal is discussed below.

A. Mr. Williams Fails to State a Federal Claim for Relief.

Ms. Williams cannot establish jurisdiction under 28 U.S.C. § 1331 because he has neither sued under a federal law that creates a cognizable federal question nor shown that his right to relief necessarily depends on the resolution of a substantial question of federal law. Mr. Williams appears to assert claims under 18 U.S.C. § 1001 and 18 U.S.C. § 1021. These are federal criminal statutes that do not provide private civil remedies.[39] These criminal statutes are the only federal laws Mr. Williams has cited to in his complaint. Therefore, this court cannot assert federal question jurisdiction over this action.

---

[39] *See, e.g.*, *In re New Century TRS Holdings, Inc.*, 446 B.R. 656, 663 (D. Del. 2011) ("No private right of action is provided under [§1001]."); *Federal Sav. And Loans Ins. Corp. v. Reeves*, 816 F.2d 130, 138–139 (4th Cir. 1987) (finding that § 1001 had "no affirmative indication that Congress intended to furnish civil remedies."). *See Angelo v. NVR, Inc.*, 2019 WL 1150565, at *6 (D. Del. 2019) ("To the extend that Plaintiff raises claims pursuant to 18 U.S.C. § 1021 (false certification of records) . . . neither criminal statute creates a private right of action.").

B. <u>Mr. Williams Fails to Establish Diversity Jurisdiction.</u>

Mr. Williams cannot invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[40] Mr. Williams has failed to allege a basis for exercising diversity jurisdiction over his claims because, at the time the complaint was filed, both he and Defendants Gene Robison, Robison Homebuilders, Inc., Danny R. Bowles, Michael R. Brown, and Brian J. Babcock were domiciled in Utah.[41] The court lacks diversity jurisdiction over this action because citizens of Utah appear on both sides of the caption. Therefore, the court dismisses Mr. Williams's complaint.

## II.   The Court Lacks Personal Jurisdiction Over Defendants Nature's Way, Inc., Paul Evans, and Eli Caudill.

Although the court could grant dismissal of Mr. Williams's complaint solely due to a lack of subject matter jurisdiction, the court finds that it also lacks personal jurisdiction over Defendants Nature's Way, Inc., Paul Evans, and Eli Caudill. Accordingly, the court dismisses Mr. Williams's complaint against these defendants.

Nature's Way, Inc., Paul Evans, and Eli Caudill are not subject to general jurisdiction in the District of Utah because Mr. Williams has alleged that they are all citizens of Idaho. "The court only has general jurisdiction over an individual domiciled in the state."[42] Additionally, Mr. Williams has not made any allegations establishing that Nature's Way, Inc., Paul Evans, and Eli Caudill are subject to specific jurisdiction in the District of Utah. Mr. Williams has not provided

---

[40] *See, e.g.*, *Grupo Dataflux*, 541 U.S. at 570.

[41] ECF No. 1 at 1–3.

[42] *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 982 (D. Utah 2018).

the court with any factual allegations about these defendants purposefully directing activities at residents of Utah. Therefore, Mr. Williams has not adequately established the court's personal jurisdiction over these defendants.

**III.    Mr. Williams Fails to State a Claim Upon Which Relief May Be Granted.**

Mr. Williams has not supported his claims with well-pleaded facts sufficient to allow the court, or Defendants, to ascertain what wrongdoing he has alleged. Therefore, Mr. Williams's complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

Mr. Williams claims that "the filing of a false Quitclaim Deed to illegally acquire Title to the residence has caused irreparable damage."[43] He then goes on to list four categories of "damage" he has incurred as a result of Defendants' conduct, such as "physical damage . . . when [Mr. Williams] had a severe reaction to the receipt of the Notice of Assignment of Trust Deed" and "emotional damage . . . actions by Defendant(s) affecting marital relations between [Mr. Williams] and his spouse."[44] In further alleging injuries sustained as a result of Defendants' action, Mr. Williams states that his "residence remains uncompleted per the contract for construction and its condition is deteriorating as a result of the lack of completion. The value of the residence has been reduced due to the work being incomplete."[45]

Mr. Williams has not named any cause of action beyond the federal criminal statutes, which as discussed above, do not create private civil remedies. Without additional factual allegations, as well as information about how each defendant was involved and what each defendant did that

---

[43] ECF No. 1 at 5.
[44] *Id.*
[45] *Id.* at 6.

caused Mr. Williams harm or violated Mr. Williams's rights, Mr. Williams cannot satisfy the pleading requirements of Fed. R. Civ. P. 8. Therefore, the court dismisses Mr. Williams's complaint without prejudice. Because Mr. Williams might be able to plead additional facts or assert other causes of action over which this court may have federal question jurisdiction, the court grants Mr. Williams 30 days to move to amend his complaint.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss[46] is GRANTED.
2. Mr. Williams's complaint is dismissed without prejudice.
3. Mr. Williams is permitted to move to amend his complaint by May 1, 2023. Any motion for an amended complaint must comply with both Fed. R. Civ. P. 15 and DUCivR 15-1.

IT IS SO ORDERED.

DATED this 30th day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[46] ECF No. 14.